IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HUMBERTO** )<br>**MENDEZ-SANCHEZ,** )<br>)<br>Defendant. )<br>) | No. 2:13-cr-20059 |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.C. Amendment 802 (d/e 26).  Defendant's motion is DENIED. Defendant is not entitled to a reduction of his sentence pursuant to Sentencing Guideline Amendment 802, which amended the guideline section under which Defendant was sentenced, because the Sentencing Commission did not establish that the amendment may be the basis for such a reduction.  The Court accordingly lacks power under § 3582(c)(2) to reduce Defendant's sentence.

## I. BACKGROUND

In February 2014, Defendant pled guilty to Unlawful Reentry of a Deported Alien in violation of 8 U.S.C. § 1326(a). Defendant's base level offense was 8. A 16-level enhancement was applied pursuant to the 2014 version of Guideline Section 2L1.2(b)(1)(A)(ii), which established the enhancement for defendants previously deported after a conviction for a felony crime of violence. Defendant's prior conviction for Aggravated Battery qualified as such an offense, resulting in a 16-level enhancement. After a 3-level reduction for acceptance of responsibility, Defendant's offense level was 21. With his criminal history category of IV, Defendant's guideline range was 57 to 71 months. On May 16, 2014, Defendant was sentenced to 60 months of imprisonment.

## II. ANALYSIS

In November 2016, Section 2L1.2 was amended pursuant to several amendments, including 802. See U.S. Sentencing Guideline Supplement to Appendix C (Nov. 2016). Amendment 802 eliminated the 16-level enhancement for prior felony crimes of violence and instead provided for enhancements for felony convictions before and after deportation, according to the term of

imprisonment imposed for the prior offense.  Most relevant here is Amendment 802's 8-level enhancement for a felony conviction before deportation for which the sentence imposed was two years or more.  Defendant argues that because he served a term of less than three years for his Aggravated Battery conviction, he should be resentenced with the new 8-level enhancement instead of the old 16-level enhancement.

Section 3582(c)(2) provides that a court may reduce the term of imprisonment of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The policy statement sets forth the circumstances in which a court may reduce a term of imprisonment pursuant to an amendment to the Guidelines.  See 28 U.S.C. § 994(u) ("If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.").

The policy statement limits the court's ability to reduce a sentence pursuant to an amendment to circumstances in which the amendment is listed in Section d of the policy statement and the amendment lowered the defendant's sentencing range.  U.S. Sentencing Guideline § 1B1.10 (Nov. 2016) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

Amendments not listed in Section d are not retroactive.  U.S. Sentencing Guideline § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant."); Application Note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range.");

Application Note 8 ("The listing of an amendment in subsection (d) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants.").

The Sentencing Commission did not make Amendment 802 to Section 2L1.2 retroactive, reflected in the fact that Amendment 802 is not listed in Section d of the policy statement. See U.S. Sentencing Guideline § 1B1.10(d); United States v. Lisyansky, No. 10-cr-486, 2016 WL 7190126, at *1 (S.D.N.Y. Nov, 22, 2016).

Because Amendment 802 is not listed in the policy statement, it does not reduce Defendant's sentencing range. This Court therefore lacks power to reduce Defendant's sentence pursuant to Section 3582(c)(2). See United States v. Forman, 553 F.3d 585, 587 (7th Cir. 2009) (if a defendant seeking a reduction in sentence cannot demonstrate that the sentencing range was subsequently lowered by the Sentencing Commission, the court lacks subject-matter jurisdiction to consider the reduction request).

### III.  CONCLUSION

For the reasons stated above, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.C. Amendment 802 (d/e 26) is DENIED without prejudice.

ENTERED:  February 24, 2017

FOR THE COURT: <u>s/ Sue E. Myerscough</u>

SUE E. MYERSCOUGH

UNITED STATES DISTRICT JUDGE